UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ANGELA M. HAYES,

                Plaintiff,

- against -

JO ANNE B. BARNHART, as COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,
-----------------------------------------------------------

JUDGE SCHEINDLIN
ECF CASE
06 CV 7052
Docket No.:

**COMPLAINT and**
**JURY DEMAND**

RECEIVED SEP 1 3 2006 U.S.D.C. S.D. N.Y. CASHIERS

**PLEASE TAKE NOTICE** that Plaintiff Angela M. Hayes hereby demands that all papers be served on her attorneys, Alterman & Boop LLP, at the address set forth herein.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff, by her attorneys, Alterman & Boop LLP, complaining of Defendant, alleges:

### NATURE OF CLAIM

1. This action is brought to remedy discrimination on the basis of race and color and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

2. Plaintiff seeks such damages as may be appropriate pursuant to Title VII.

3. Plaintiff also seeks costs and attorneys' fees pursuant to the Title VII.

4. Plaintiff seeks punitive damages as may be appropriate pursuant to Title VII.

### JURISDICTION

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 with respect to claims under Title VII.

### VENUE

6. This action is properly before this Court as the complained-about conduct

occurred in the County, City and State of New York.

## ADMINISTRATIVE REQUIREMENTS

7. On or about March 30, 2006, Plaintiff filed a formal Complaint of Discrimination with the Associate Commissioner for Civil Rights and Equal Opportunity ("CR-EO") within the Social Security Administration ("SSA").

8. On or about June 21, 2006, CR-EO/SSA dismissed the Complaint pursuant to 29 C.F.R. § 1614.107(a)(1).

9. Following her termination, on September 8, 2006, Plaintiff filed a request for counseling with SSA's CR-EEO office in New York City.

10. All administrative requirements have been met.

11. This Complaint was timely filed.

## PARTIES

12. Plaintiff Angela M. Hayes, an African-American, is a resident of the County of Kings, City and State of New York and, until her termination on September 8, 2006, was an Administrative Assistant (GS 6-1) in the Office of the Regional Chief Counsel, New York Region of the Social Security Administration.

13. Defendant Jo Anne B. Barnhart is the Commissioner of the Social Security Administration ("Commissioner").

14. Upon information and belief, Defendant, as Commissioner, is an "employer" within the meaning of Title VII.

## FACTS

15. Upon information and belief, at all relevant times set forth herein Defendant Barbara L. Spivak (hereinafter "Spivak") was and is the Regional Chief Counsel of the New York Region of SSA and is Caucasian.

16.   On or about September 13, 2005, Plaintiff was employed by Defendant and assigned to work in the office of the New York Chief Regional Counsel, reporting directly to Spivak.

17.   Plaintiff's duties consisted of maintaining timekeeping and attendance, processing travel and expense reports, distributing internal monthly reports, composing letters and e-mails as well as other miscellaneous administrative duties.

18.   Upon information and belief, at all relevant times set forth herein Deborah Vultaggio (hereinafter "Vultaggio") was and is an Administrative Officer in the office of the Regional Counsel of the New York Region of SSA and is Caucasian. Upon information and belief, Vultaggio had some oversight responsibilities with respect to Plaintiff, although Plaintiff reports to Spivak.

19.   Commencing in October 2005, Plaintiff was berated, yelled at and treated in a derogatory and discriminatory manner, crating a hostile work environment and retaliated against when she complained.  harassed and discriminated and retaliated against on an on-going basis by Vultaggio based on Plaintiff's race and color.

20.   The complained about-conduct by Vultaggio included, but was not limited to

   a.   scrutinizing Plaintiff's work more closely than that of Johanna Okula, a similarly situated Caucasian Administrative Assistant (GS 6-1) in the Office of the Regional Chief Counsel, New York Region who had been hired at approximately the same time as Plaintiff and performed similar duties as Plaintiff;

   b.   repeatedly reprimanding Plaintiff in a loud and demeaning manner for conduct while Okula was not reprimanded for the same conduct;

   c.   berating Plaintiff on the phone while she was on leave for alleged

errors in addition, subtracting and balancing and her lack of focus; and

        d.    regularly complaining to Plaintiff in a hostile, annoying and harassing manner that her work was unsatisfactory so as to make Plaintiff fear for her job security.

21.    Plaintiff repeatedly complained to Spivak and to Supervisor Steve Conte, (hereinafter "Conte"), a Caucasian, about Vultaggio's conduct.

22.    On or about December 9, 2005, Plaintiff again complained to Spivak and Conte, asked them to intervene and told them she wanted the conduct to cease immediately. Spivak and Conte agreed that there was a problem and Spivak told Plaintiff there had been complaints about Vultaggio's conduct from other employees.

23.    Conte told Plaintiff that she had to learn to get along with Vultaggio, thereby trivializing Plaintiff's complaints as merely a personality issue.

24.    Upon information and belief, neither Spivak nor Conte told Vultaggio that her conduct toward Plaintiff was illegal, violated the law and that she should cease her campaign against Plaintiff.

25.    Vultaggio's harassment, discrimination and retaliation did not cease.

26.    On or about January 18, 2006, Plaintiff left work after she experienced chest pains, migraine headaches, diarrhea and vomiting before, during and after work as a direct result of Vultaggio's conduct and the failure of SSA supervisors to stop such conduct.

27.    On or about January 19, 2006, Plaintiff sought counseling from SSA's EEO office.

28.    On January 19, 2006, Plaintiff reported to SSA's EEO office at least sixteen (16) specific incidents of harassment based on the fact she is a Black African American commencing on or about October 21, 2006 to SSA's EEO officer. Approximately half of the

incidents of harassment occurred less than forty-five (45) days prior to Plaintiff's January 19, 2006 complaint.

29.   The complained-about conduct by Vultaggio during the forty-five (45) days prior to Plaintiff's internal complaint with SSA's EEO office included, but was not limited to

   a.   scrutinizing Plaintiff's work more closely than that of Okula and other Caucasian co-workers;

   b.   repeatedly reprimanding Plaintiff for in public for work performed while Okula was not reprimanded for the same conduct;

   c.   reprimanding Plaintiff for picking up time sheets when Okula had forgotten to do so, rather than seeking out Okula and telling her to pick them up, and not reprimanding Okula;

   d.   falsely accusing Plaintiff of improperly using white out on time sheets although Okula told had previously told Vultaggio and Conte that it was she who had used the white out;

   e.   yelling at Plaintiff in her office that Plaintiff was an embarrassment to the office, that she could not add or subtract and that she could not focus, calling her a "rat" and/or threatening to "make things bad for her";

   f.   refusing to initiate or otherwise authorize an investigation regarding the disappearance of data Plaintiff had entered into the computer as part of her job responsibilities, despite Plaintiff's repeated requests that an investigation be conducted; and

   g.   repeatedly accusing Plaintiff of deleting data which Plaintiff had herself input into the computer, although she did not accuse Okula of deleting her data when it disappeared the day after Plaintiff's complaint to Conte and Vultaggio;

30.   Plaintiff was on leave commencing January 19, 2006 and returned to

5

work on or about January 31, 2006 with a doctor's note informing Spivak that she was ill all during that time.

31. Following her return to work on January 31, 2006, Plaintiff continued to be harassed and scrutinized more carefully than similarly situated Caucasian employees by Vultaggio and Spivak, creating a hostile work environment.

32. Upon Plaintiff's return to the office, Spivak retaliated against Plaintiff by permitting Vultaggio to continue to engage in such conduct. Such conduct included, but was not limited to:

    a. Spivak refused to accept Plaintiff's physician's note in January 2006 and told Plaintiff she would be considered AWOL for the period of her absence beyond the time Plaintiff had accrued;

    b. Plaintiff's work was scrutinized by Vultaggio and Spivak more closely than at any time prior to her absence;

    c. Plaintiff's work continued to be scrutinized more closely than the work of her Caucasian co-worker, Okula;

    d. When time record data Plaintiff entered in her computer inexplicably disappeared, Vultaggio and Spivak accused her of deleting the data herself;

    e. Although Plaintiff repeatedly requested that an investigation of her disappearing data be initiated, Spivak and/or Vultaggio refused to request such an investigation and continued to blame Plaintiff for the disappearing data; and

    f. forwarding an increasing number of repetitive e-mails to "build a record" against Plaintiff.

33. The complained about-conduct created a hostile work environment and constituted retaliation for Plaintiff's having complained.

34. On or about March 17, 2006, Plaintiff began a second, more extended leave of absence due to the hostile work environment to which she was subjected and the retaliatory conduct of Vultaggio and Spivak.

35. Plaintiff returned to work on or about May 6, 2006.

36. Following her return to work, Plaintiff continued to be discriminated and retaliated against by Vultaggio and retaliated against by Spivak, again creating a further hostile work environment.

37. Due to the absence of Spivak from the office on extended leave commencing on or about May 19, 2006, Plaintiff reported to Conte.

38. Subsequent to Plaintiff's reassignment to Conte, the on-going harassment, discrimination and retaliation Plaintiff had experienced continued.

39. Upon the return of Spivak to the office on or about August 7, 2006, the on-going harassment, discrimination and retaliation Plaintiff had experienced prior to May 19, 2006 continued.

40. On September 8, 2006, Plaintiff was terminated from her employment.

41. Defendant's conduct as set forth herein was outrageous, willful and malicious and was intended to, and did, injure Plaintiff.

42. As a direct and proximate consequence of Defendant's conduct, Plaintiff has suffered pecuniary and non-pecuniary losses.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII

43. Defendant's conduct as described constitutes discrimination of Plaintiff in violation of Title VII.

44. Plaintiff is entitled to damages as a result of Defendant's violation of Title

VII.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF TITLE VII

45. Defendant's conduct as described constitutes retaliation against Plaintiff in violation of Title VII.

46. Plaintiff is entitled to damages as a result of Defendant's violation of Title VII.

## PRAYER FOR RELIEF

47. Plaintiff respectfully prays this Court award her:

(a) pursuant to Title VII, an award of actual and compensatory damages in an amount to be determined at trial for emotional distress suffered by Plaintiff as a result of Defendants' discriminatory and retaliatory conduct;

(b) pursuant to Title VII, punitive damages in an amount to be determined at trial;

(c) pursuant to Title VII, reasonable attorney's fees and costs of this action; and

(d) such other and further relief as this Court deems just and proper.

## JURY DEMAND

**PLEASE TAKE FURTHER NOTICE** that Plaintiff demands a trial by jury.

Dated: New York, New York
       September 13, 2006

Respectfully submitted,

ALTERMAN & BOOP LLP

By: _____
    DANIEL L. ALTERMAN [DLA0454]
35 Worth Street
New York, NY 10013
    (212) 226-2800

Attorneys for Plaintiff

TO:    JO ANNE B. BARNHART as COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION
6501 Security Boulevard
Baltimore Maryland 21235

Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA M. HAYES,

            Plaintiff,

-against-

JO ANNE B. BARNHART, as COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION

            Defendant

**SUMMONS and COMPLAINT**

ALTERMAN & BOOP LLP

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*
35 Worth Street
New York, New York 10013-2935
(212) 226-2800

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on                     at             M.

of which the within is a true copy
one of the judges of the

Dated,