MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  SEAN C. CENAWOOD
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone: 212-637-2705
Facsimile: 212-637-2750

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
ANGELA M. HAYES,              :
                              :
            Plaintiff,        :
                              :
        - against -           :
                              :
JO ANNE B. BARNHART, as       :
Commissioner of the Social    :
Security Administration,      :
                              :
            Defendant.        :
- - - - - - - - - - - - - - - - x



06 Civ. 7052 (SAS)

ANSWER

        Defendant Jo Anne B. Barnhart, Commissioner of the Social
Security Administration ("SSA"), by her attorney, Michael J.
Garcia, United States Attorney for the Southern District of New
York, answers the complaint on information and belief as follows:

        1.  The allegations in paragraph 1 of the complaint state
conclusions of law to which no response is required.  To the
extent a response is required, denies those allegations, except
admits that plaintiff has brought this civil action under Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
2000e-16 ("Title VII").

        2.  The allegations in paragraph 2 of the complaint state
conclusions of law to which no response is required.  To the

extent a response is required, denies those allegations, except admits that plaintiff has brought this civil action seeking relief pursuant to Title VII.

3.   The allegations in paragraph 3 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, denies those allegations, except admits that plaintiff has brought this civil action seeking relief pursuant to Title VII.

4.   The allegations in paragraph 4 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, notes that Title VII prohibits punitive damages against the Government.  See 42 U.S.C. § 1981a(b)(1).

5.   The allegations in paragraph 5 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, denies those allegations.

6.   The allegations in paragraph 6 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, denies those allegations.

7.   Denies the allegations in paragraph 7 of the complaint, except admits that, on March 31, 2006, the SSA's Office of Civil Rights and Equal Opportunity ("OCREO") received an undated "Individual EEO Discrimination Complaint Form" signed by plaintiff.

- 2 -

8.    Admits the allegations in paragraph 8 of the complaint.

9.    Denies the allegations in paragraph 9 of the complaint, except admits that plaintiff was terminated from her provisional appointment to the Federal Career Internship Program on or about September 8, 2006 and that plaintiff sought counseling with the SSA's OCREO on September 8, 2006.

10. Denies the allegations in paragraph 10 of the complaint.

11. Denies the allegations in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, except admits that, on or about September 8, 2006, plaintiff was terminated from her provisional appointment, as part of the Federal Career Internship Program, to the position of GS-6/7 Administrative Assistant in the SSA's Office of Regional Chief Counsel, Region II.

13. Admits the allegations in paragraph 13 of the complaint.

14. The allegations in paragraph 14 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, admits those allegations.

15. Denies the allegations in paragraph 15 of the complaint, except admits that Barbara L. Spivak ("Spivak"), who is not a defendant in this action, held the position of SSA Regional Chief Counsel, Region II, during the time frames mentioned in the complaint.

16. Denies the allegations in paragraph 16 of the complaint, except admits that, on or about September 13, 2005, plaintiff was provisionally appointed, as part of the Federal Career Internship Program, to the position of GS-6/7 Administrative Assistant in the SSA's Office of Regional Chief Counsel, Region II.

17. Denies the allegations in paragraph 17 of the complaint, except admits that plaintiff's duties were those set forth in her position description and that plaintiff processed travel vouchers, compiled and distributed monthly reports, and composed letters and e-mails.

18. Denies the allegations in paragraph 18 of the complaint, except admits that:  Deborah Vultaggio ("Vultaggio") held the position of Administrative Officer in the SSA's Office of Regional Chief Counsel, Region II, during the time frames mentioned in the complaint; Vultaggio was assigned to train plaintiff; and Spivak was plaintiff's supervisor.

19. Denies the allegations in paragraph 19 of the complaint.

- 4 -

20. Denies the allegations in paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint, except admits that plaintiff complained to Spivak in October 2005 about Vultaggio's communications with plaintiff and that plaintiff complained to Stephen Conte ("Conte") in November 2005 about the disappearance and alleged deletion by Vultaggio of plaintiff's computer data inputs.

22. Denies the allegations in paragraph 22 of the complaint, excepts admits that Conte and Spivak agreed that plaintiff's belief and insistence that her computer data inputs were disappearing or allegedly being deleted by Vultaggio was a problem, and that Spivak told plaintiff that Vultaggio demanded strict adherence to SSA's time and attendance rules and other personnel practices, which some employees found irritating.

23. Denies the allegations in paragraph 23 of the complaint, except admits that Conte told plaintiff that it was important for plaintiff to try to get along with Vultaggio, the individual responsible for plaintiff's training.

24. The allegations in paragraph 24 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, admits only that no one at SSA concluded or believed that plaintiff was ever subjected to conduct that was illegal or in violation of the law, and that

Spivak made Vultaggio aware of a need to improve her diplomacy and communication when interacting with co-workers.

25. The allegations in paragraph 25 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, denies that plaintiff was subjected to any harassment, discrimination or retaliation during her employment at SSA.

26. Denies the allegations in paragraph 26 of the complaint.

27. Admits the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint, except admits that, during the course of EEO counseling, plaintiff claimed a number of purported problems, confrontations and conflicts with SSA co-workers and supervisors that allegedly began almost immediately after plaintiff was provisionally appointed, as part of the Federal Career Internship Program, to the position of GS-6/7 Administrative Assistant in the SSA's Office of Regional Chief Counsel, Region II.

29. Denies the allegations in paragraph 29 of the complaint.

30. Denies the allegations in paragraph 30 of the complaint, except admits that, from January 19, 2006 through

- 6 -

January 31, 2006, plaintiff was absent from her SSA
Administrative Assistant position.

        31. Denies the allegations in paragraph 31 of the
complaint.

        32. Denies the allegations in paragraph 32 of the
complaint.

        33. The allegations in paragraph 33 of the complaint
state conclusions of law to which no response is required.  To
the extent a response is required, denies those allegations.

        34. The allegations in paragraph 34 of the complaint
state conclusions of law to which no response is required.  To
the extent a response is required, denies the allegations in
paragraph 34 of the complaint, except admits that, on or about
March 17, 2006, plaintiff stopped showing up for work at the
SSA's Office of Regional Chief Counsel, Region II.

        35. Denies the allegations in paragraph 35 of the
complaint, except notes that May 6, 2006 was a Saturday and
admits that, on or about Wednesday, May 3, 2006, plaintiff
appeared at the SSA's Office of Regional Chief Counsel, Region
II, following a prolonged absence.

        36. The allegations in paragraph 36 of the complaint
state conclusions of law to which no response is required.  To
the extent a response is required, denies those allegations.

37. Denies the allegation in paragraph 37 of the complaint, except admits that, during a time frame beginning on or about May 19, 2006, plaintiff reported to Conte.

38. The allegations in paragraph 38 of the complaint state conclusions of law to which no response is required. To the extent a response is required, denies those allegations and notes that plaintiff was subjected to neither harassment, discrimination nor retaliation during her employment at SSA.

39. The allegations in paragraph 39 of the complaint state conclusions of law to which no response is required. To the extent a response is required, denies those allegations and notes that plaintiff was subjected to neither harassment, discrimination nor retaliation during her employment at SSA.

40. Admits the allegations in paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 of the complaint.

42. Denies the allegations in paragraph 42 of the complaint.

43. The allegations in paragraph 43 of the complaint state conclusions of law to which no response is required. To the extent a response is required, denies those allegations and notes that plaintiff suffered no discrimination in violation of Title VII during her employment at SSA.

44. Denies the allegations in paragraph 44 of the complaint.

45. The allegations in paragraph 45 of the complaint state conclusions of law to which no response is required.  To the extent a response is required, denies those allegations and notes that plaintiff suffered no retaliation during her employment at SSA.

46. Denies the allegations in paragraph 46 of the complaint.

47. The allegations in paragraph 47 of the complaint constitute plaintiff's demand for relief to which no response is required.  To the extent a response is required, denies that plaintiff is entitled to any relief.

DEFENSES

48. The complaint fails to state a claim on which relief can be granted.

49. The Court lacks subject matter jurisdiction over one or more of plaintiff's claims.

50. Plaintiff, with respect to one or more of her claims, failed to properly exhaust administrative remedies.

51. Federal employees such as plaintiff are not entitled under Title VII to recover punitive damages or prejudgment interest.

WHEREFORE, the defendant demands judgment dismissing the
complaint and granting such other and further relief as this
Court deems proper, including costs and disbursements.

Dated:   New York, New York
         December 21, 2006

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Defendant

                      By:   Sean C. Cenawood

                              SEAN C. CENAWOOD
                              Assistant United States Attorney
                              86 Chambers Street, 5th Floor
                              New York, New York  10007
                              Tel. No.: (212) 637-2705

To: Nina Koenigsberg, Esq.
    Alterman & Boop LLP
    35 Worth Street
    New York, New York 10013
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Sean C. Cenawood, an Assistant United States Attorney for the Southern District of New York, hereby certify that on December 22, 2006, I caused a copy of the foregoing Answer to be served by regular mail upon the following:

Nina Koenigsberg, Esq.
Alterman & Boop LLP
35 Worth Street
New York, New York 10013
Attorneys for Plaintiff

Dated:    New York, New York
          December 22, 2006


_____
SEAN C. CENAWOOD
Assistant United States Attorney
Tel.: (212) 637-2705