UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGELA M. HAYES,

              Plaintiff,

   - against -

MICHAEL J. ASTRUE, as COMMISSIONER,
U.S. SOCIAL SECURITY ADMINISTRATION,

              Defendant.
-----------------------------------------------------------X

Index No.: 06 Civ. 7052 (SAS)

**PROPOSED SCHEDULING ORDER**

**WHEREAS**, the Court issued an Order for a Conference pursuant to Fed. R. Civ. P. 16(b) (the "Order") on November 7, 2007; and

**WHEREAS**, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

**THEREFORE**, the parties hereby submit the following information as required by the Order:

    1.    The date of the conference and the appearances for the parties:

Date of conference:     Tuesday, December 11, 2007 at 3:00 p.m.

Attorneys for Plaintiff:     Alterman & Boop LLP

Attorneys for Defendant:     Office of the United States Attorney, Southern District of New York

    2.    A concise statement of the issues as they now appear:

Plaintiff's Statement:

    Plaintiff, Angela Hayes ("plaintiff" or "Hayes"), is an African-American woman who began working in an administrative capacity for defendant U.S. Social Security Administration's Office of the Regional Counsel ("defendant" or "SSA") in New York City on or about September

13, 2005. Plaintiff's immediate supervisor, Barbara Spivak ("Spivak"), and another manager, Deborah Vultaggio ("Vultaggio"), both of whom are white, discriminated against Hayes on the basis of her race and, after she complained to defendant's Equal Employment Opportunity Office, they retaliated against her.

Prior to the filing of her EEO complaint, plaintiff received more scrutiny than a white woman who had been hired at approximately the same time as plaintiff and had similar job responsibilities. Moreover, unlike her white counterpart, Hayes received loud reprimands and experienced other demeaning treatment at the hands of Vultaggio because of her race, creating a hostile work environment. Vultaggio's discriminatory treatment of plaintiff continued despite Hayes' repeated complaints to Spivak and another white manager, Stephen Conte, who told plaintiff she had to learn to get along with Vultaggio. Among other things, plaintiff complained to SSA management that data she had properly input data into the computer system that inexplicably disappeared.

In January 2006, plaintiff took a leave of absence due to illness caused by the hostile work environment at SSA. Plaintiff began to receive counseling through defendant's Employee Assistance Program. At that time, plaintiff also sought counseling from defendant's EEO Office. However, SSA ultimately dismissed plaintiff's formal complaint on or about June 21, 2006.

The alleged discriminatory and retaliatory conduct by Spivak and Vultaggio escalated after plaintiff filed the EEO complaint. Defendant's alleged failure to end such conduct and to institute an investigation concerning the disappearing computer data caused plaintiff to take a second, extended leave of absence. Upon plaintiff's return to work, the alleged discriminatory and retaliatory conduct continued. Plaintiff complained about the discriminatory and retaliatory conduct

and on September 8, 2006, plaintiff's employment with SSA was terminated.

Defendant's Statement:

The issue in the case is whether plaintiff was subject to harassment and a hostile work environment based on her race, and whether she was retaliated against for filing an EEO complaint complaining about her alleged mistreatment. Defendant contends that plaintiff was not harassed or treated differently on account of her race. Rather, plaintiff's supervisors provided her with legitimate critiques of her work, which was marred by repeated mistakes in the areas of timekeeping and her other areas of responsibility. Defendant contends that plaintiff was ultimately fired from her trainee position because the unacceptable number of mistakes she continued to make made her work was unsatisfactory.

3. A discovery schedule including:
   (a) The names of persons to be deposed and a schedule of planned depositions:

   Angela Hayes
   Barbara Spivak
   Deborah Vultaggio
   Steve Conte
   Joanna Okula
   Nellie Roman
   Tina Redwine
   Lakeisha Maxey
   Rosalie Richardson
   Augustine Hayes (mother)
   Plaintiff's treating mental health care professionals
   Any other expert witnesses

   [handwritten: Feb. MAR. April]

   (b) The schedule for the production of discovery: [handwritten: Initial Disclosure 12/20]

   Initial discovery requests to be served by January 7, 2008; [handwritten: JAN. 28]

   Responses to discovery requests due on or before February 5, 2008; [handwritten: April 30]

   Requests to admit due on or before May 31, 2008;

3

Response to requests to admit due on or before June 30, 2008. [handwritten: MAY 21]

(c) Date by which (i) each expert's reports will be suppled to the adverse side and (ii) each expert's deposition will be completed:

(i) Each party will provide the other with any expert report by May 31, 2008.

(ii) The parties agree to complete the deposition of any expert retained by either party by August 31, 2008.

(d) Time when discovery is to be completed: August 31, 2008. [handwritten: MAY 31]

(e) The date by which any party will submit pre-trial motions:

The moving party will submit any pre-trial motion on or before September 30, 2008;

The non-moving party will submit a response on or before October 31, 2008;

The moving party will submit its reply by November 15, 2008.

(f) The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed *voir dire* questions and proposed jury instructions for a jury trial: December 15, 2008. [handwritten: π - June 14 / N/PTO = July 2]

(g) The date for the final pre-trial conference pursuant to Fed. R. Civ. P. 16(d): [handwritten: June 3, 2008 at 4:30].

4. A statement of any limitations to be placed on discovery, including any protective or confidentiality orders:

Personnel files of non-parties and other documents believed to be confidential will be subject to a confidentiality agreement agreed upon by counsel to the parties.

5. A statement of those discovery issues, if any, on which counsel, after a good faith

effort, were unable to reach an agreement:

    The parties respond that there are no such discovery issues at present.

6.     Anticipated fields of expert testimony, if any:

    Plaintiff anticipates using an expert to assess damages.

    Defendant anticipates using an expert in response to any expert proffered by plaintiff.

7.     Anticipated length of trial and whether to court or jury:

    The parties anticipate the jury trial will take five (5) days.

8.     A statement regarding the manner in which this Scheduling Order may be altered or amended: The parties agree that this Scheduling Order may be altered or amended upon the written request of any party subject to approval by the Court.

9.     Names, address, phone numbers and signatures of counsel:

| ALTERMAN & BOOP LLP | OFFICE OF THE UNITED STATES ATTORNEY |
|---|---|
| By: /s/ Daniel L. Alterman<br>Daniel L. Alterman<br>35 Worth Street<br>New York, NY 10013<br>(212) 226-2800<br>fax: (212) 431-3614<br>dalterman@altermanboop.com | By: /s/ Elizabeth Wolstein<br>Elizabeth Wolstein, AUSA<br>Southern District of New York<br>86 Chambers Street -3rd floor<br>New York, NY 10007<br>(212) 637-2743<br>fax: (212) 637-2702<br>elizabeth.wolstein@.usdoj.gov |
| Attorneys for Plaintiff | Attorneys for Defendant |

SO ORDERED:

/s/ Shira A. Scheindlin

SHIRA A. SCHEINDLIN
United States District Court Judge

Dec 11, 2007
Date