UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANGELA M. HAYES,

        Plaintiff,

v.

MICHAEL J. ASTRUE, as Commissioner,
Social Security Administration,

        Defendant.
------------------------------------------------------------x

06 Civ. 7052 (SAS)

**CONFIDENTIALITY ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/08

      Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain information that may be disclosed in the course of discovery proceedings, including information protected by the Privacy Act of 1974, 5 U.S.C. § 552a.

      1.    As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by a party or non-party in the course of discovery proceedings in this action, and which is designated as "confidential" by the disclosing party, or, in the case of discovery provided by a non-party, by plaintiff or defendant, at or before the time of disclosure, or in written correspondence within twenty (20) days of disclosure, in one or more of the following ways:

      (a)    Information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer.

      (b)    Information contained in any document or part thereof may be so designated by marking the word "confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

(c) Information contained in an answer to any question asked during an oral deposition may be so designated by (i) a statement made on the record during the course of the deposition and on the same day that the answer is given or (ii) giving written notice to counsel for the opposing party within 15 days of receipt of the deposition transcript.

2. Confidential Information disclosed during the course of discovery proceedings in this action:

(a) Shall be used by the other party and counsel only for purposes of this action.

(b) Shall not be published to the public in any form by the other party or counsel, nor used by the other party for any business or commercial purposes.

(c) Shall be disclosed by the other party or its counsel only to the following persons:

(i) The other party or attorneys of record for the other party, including any attorneys employed by a law firm of record that represents the other party.

(ii) Secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents the other party.

(iii) Independent (non-employee) expert witnesses or advisors (including investigators) retained by the other party in connection with this action.

(iv) Officers and managerial or supervisory personnel of the other party.

(v) Court reporters or stenographers engaged to record deposition testimony, and their employees.

(vi) Such other persons as hereafter may be authorized by the Court upon motion of either party.

3. A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within categories (ii), (iii), (iv) and (vi) of paragraph 2(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party

making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Confidentiality Order shall not be construed as preventing:

(a) Any disclosure of Confidential Information by the party that designated the information as such.

(b) Any disclosure of Confidential Information to any judge, magistrate, or employee of this Court for purposes of this action.

(c) Any disclosure of Confidential Information for the purpose of enforcing the criminal laws.

5. Any party planning to file with the Court any pleadings, motions or other papers disclosing Confidential Information provided by another party shall give no less than seven calendar days' prior notice to the party that provided the Confidential Information identifying the Confidential Information that would be disclosed. The party that provided the Confidential Information may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. In addition, a party planning to file with the Court any pleadings, motions or other papers disclosing its own Confidential Information may also make an application to the Court requesting that papers or confidential portions thereof be filed under seal.

6. This Confidentiality Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this

Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information.

7. Upon the conclusion of this litigation, all Confidential Information supplied by any producing party and all copies thereof shall be returned to the producing party, or such confidential discovery material shall be certified to have been destroyed. In addition, each party will be responsible for obtaining any Confidential Information filed with the Court and returning or destroying such material.

8. Nothing in this Confidentiality Order shall preclude a party from offering Confidential Information into evidence at the trial of this action.

SO ORDERED:

_____
The Honorable Shira A. Scheindlin
United States District Judge

Dated:   New York, New York
         MAR. 7, 2008

The parties to this action consent to entry of this Order.

Dated:   New York, New York
         February **20**, 2008

        ALTERMAN & BOOP LLP
        Attorneys for Plaintiff

By: _____
        DANIEL L. ALTERMAN, ESQ.
        DANIELA E. NANAU, ESQ.
        35 Worth Street
        New York, New York 10013
        Telephone: (212) 226-2800
        Facsimile: (212) 431-3614


Dated:   New York, New York
         ~~February~~ March **6**, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendant

By: _____
        ELIZABETH WOLSTEIN
        Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Telephone: (212) 637-2743
        Facsimile: (212) 637-2702